Mr. Justice Montgomery
delivered the opinion of the Court:
The plaintiff' was defeated below and comes here on a bill of exceptions. On the evening of March 4, 1885, his son, a young man aged twenty years, unmarried and childless, was run over and killed by a hansom cab. The plaintiff, being the father of the deceased, was duly appointed administrator of his estate and sued to recover damages for the injury which he alleged resulted in his son’s death. 23 Stat. at L., 307.
The trial justice instructed the jury on the subject of damages, that “ the recovery should be limited to the pecuniary value, if any, of the services of the deceased *fco his father between the date of his death and his majority, but that the damages would be at least nominal,” and this instruction is alleged as the sole error. We do not feel called upon to declare whether we concur in or dissent from this *215 view of the law for the reason that this question (of damages) was manifestly never reached by the jury. The first question for their consideration was whether the defendant was guilty or not guilty. If guilty, they were instructed to award some, and at least nominal, damages. If not guilty of course no damages could be awarded. They returned a verdict of not guilty and it therefore became wholly immaterial whether the trial justice stated the rule of damages correctly or incorrectly. If he was wrong no injury resulted or could result to the plaintiff. Therefore, if error, it was not “a prejudicial error,” and would not warrant a disturbance of the judgment below, which must be affirmed.